UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LATOYA BARNES THOMPSON, ET AL.                     CIVIL ACTION

VERSUS                                             NO: 13-3702

BAYER HEALTHCARE                                   SECTION: "A" (2)
PHARMACEUTICALS, INC.

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss (Rec. Doc. 6)** filed by defendant Bayer

Healthcare Pharmaceuticals, Inc. Plaintiffs Latoya Barnes Thompson and Jerry Thompson,

Jr., oppose the motion. The motion, scheduled for submission on August 28, 2013, is before

the Court on the briefs without oral argument. For the reasons that follow, the motion is

GRANTED IN PART AND DENIED IN PART.

## I.    BACKGROUND

Plaintiffs Latoya Barnes Thompson ("Thompson" or "Plaintiff") and her husband

Jerry Thompson, Jr. filed this action against Bayer Healthcare Pharmaceuticals asserting

claims under Louisiana's Products Liability Act. At the center of this case is the Mirena IUD

system, manufactured by Defendant Bayer Healthcare, and used by Plaintiff. This device is

made of flexible plastic and is inserted by a healthcare provider into the uterus, where it

releases a synthetic progestogen, and functions as a contraceptive.  [Complaint, ¶¶ 10, 12].

The complaint alleges that Bayer failed to alter its product packaging to reflect the number

of adverse events reported; Bayer overstated the efficacy of Mirena while understating the

safety concerns; Bayer failed to communicate risk information, contraindications, and again

overstated the efficacy of the product in sponsored search engine hits. [Complaint, ¶¶ 16-19].

Thompson alleges in her complaint that she had a Mirena system inserted on June

1

21, 2011. [Complaint, ¶ 29]. She experienced pain at the time of the insertion and approximately one week later, the device fell out on its own. [Complaint, ¶¶ 30-31]. This device was the second Mirena IUD that Thompson had had inserted. Thompson had used the same product for five years until its expiration when she underwent the procedure for placement of the second device.

Through the subject motion, Defendant asks this Court to dismiss Plaintiff's case in its entirety. Defendant argues that the claims are untimely, that the pleadings are insufficient to meet the standards prescribed by the Supreme Court in *Iqbal* and *Twombly, infra*, that the Louisiana Products Liability Act provides the sole means of recovery, and that punitive damages are unavailable to a plaintiff under Louisiana law. The Court addresses each of Defendant's contentions in turn.

## II.    DISCUSSION

"A motion to dismiss for failure to state a claim under Rule 12(b)(6) is disfavored in the law and rarely granted." *Thompson v. Goetzmann,* 337 F.3d 489, 495 (5th Cir. 2003). "When ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). "The district court can grant a motion to dismiss only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Scanlan v. Texas A&M Univ.,* 343 F.3d 533, 536 (5th Cir. 2003). "In determining whether to grant a motion to dismiss, the district court must not go outside the pleadings, and must accept all well-pleaded facts as true." *Id.*

1.      **Prescription**

In Louisiana, there is a one-year prescriptive period for products liability claims. *See* La. Civ. Code art. 3492. Typically, "this prescription begins to run from the day injury or damage is sustained." *Id.* The Louisiana Supreme Court has held that "prescription commences when a plaintiff obtains actual or constructive knowledge of facts indicating to a reasonable person that he or she is the victim of a tort." *Campo v. Carrera,* 828 So. 2d 502, 510 (La. 2002). "Constructive knowledge is whatever notice [which] is enough to excite attention and put the injured party on guard and call for inquiry." *Id.* at 510-11. "Such information or knowledge as ought to reasonably put the alleged victim on inquiry is sufficient to start running of prescription." *Id.* at 511.  "The ultimate issue is the *reasonableness* of the patient's action or inaction, in light of his education, intelligence, the severity of the symptoms, and the nature of the defendant's conduct." *Id.* "Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiffs to show that the action has not prescribed." *Campo,* 828 So. 2d at 508 (*citing Williams v. Sewerage & Water Bd. of New Orleans,* 611 So. 2d 1383, 1386 (La. 1993)).

Thompson filed her complaint on May 22, 2013. Thompson alleges that she endured numerous symptoms in conjunction with her use of the Mirena device. The allegations are arguably sufficient to serve as "constructive knowledge of facts indicating to a reasonable person" that Thompson was the victim of a tort no later than June 2011. There are no allegations of injuries occurring after this date in the complaint. The claims are likely facially prescribed.

As part of her opposition, however, Thompson submitted an affidavit that alleges new facts, some of which actually contradict those alleged in her complaint. (Rec. Doc. 7-1).

Thompson states that she had the first Mirena device for five years and experienced no problems, and it was not until after the second device fell out, in late June 2011, that she began to experience the problems alleged in the complaint. In May 2012, Thompson was hospitalized for her symptoms and it wasn't until February or March of 2013 that she "saw a television advertisement linking the Mirena to the very conditions that she had when she was hospitalized.

Bayer argues in its reply that the Court cannot properly consider the unpleaded and contradictory facts contained in Thompson's affidavit. (Rec. Doc. 9-2 at 4). To the contrary, in the exercise of its sound discretion the Court can consider materials outside the pleadings. *See* Fed. R. Civ. Pro. 12(d). The Court is persuaded that the facts stated by Thompson in her affidavit at the very least create an issue of fact as to the question of timeliness. See Fed. R. Civ. Pro. 56(a). The Court does not decide as a matter of law that the claims are in fact timely and Defendant will not be preluded from reurging the issue of timeliness via a properly supported motion for summary judgment. The Court only decides that questions of constructive notice and reasonableness cannot be resolved in Bayer's favor by the Court on the current record.

The motion to dismiss is therefore DENIED insofar as it is grounded on the timeliness of the claims.

### 2.    Sufficiency of the Complaint

In the context of a motion to dismiss the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 232 (5th Cir. 2009) (*citing Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308 (2007); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Lovick v. Ritemoney, Ltd.*, 378 F.3d 433, 437 (5th Cir. 2004)). However, the foregoing tenet is

inapplicable to legal conclusions. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Thread-bare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.* (*citing Bell Atlantic Corp. v. Twombly*, 550, U.S. 544, 555 (2007)). The central issue in a Rule 12(b)(6) motion to dismiss is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (*quoting Doe v. MySpace, Inc.*, 528 F.3d 413, 418 (5th Cir. 2008)).

### a.   Claims Under the Louisiana Products Liability Act

The Louisiana Products Liability Act ("LPLA"), La. R.S. § 9:2800.51, *et seq.*, provides a cause of action against a product's manufacturer to a claimant for damage proximately caused by a characteristic of the product that renders it unreasonably dangerous. La. Rev. Stat. Ann. § 9:2800.54(A) (2009). A product may be unreasonably dangerous in construction or composition as provided in La. R.S. § 9:2800.55, in design as provided in § 9:2800.56, because an adequate warning about the product has not been provided (§ 9:2800.57), or because it does conform to an express warranty (§ 9:2800.58). La. R.S. § 9:2800.54(B)(1)-(4).

Defendant challenges the complaint as to each of the theories of liability available under the LPLA. The Court is persuaded that the complaint contains sufficient allegations to withstand dismissal at this juncture under the principles of Rule 8(a)[1] and *Twombly*, *supra*. Defendants' arguments may be persuasive, however, if presented as part of a well-supported motion for summary judgment once discovery is completed. The motion to dismiss is DENIED as to the LPLA claims.

### b.   Non-Louisiana Products Liability Act Causes of Action

---

[1] Federal Rule of Civil Procedure 8(a)(1) requires "a short and plain statement of the claim."

Defendant moves to dismiss any non-LPLA claims arguing that the LPLA provides the exclusive remedy for harm caused by a manufacturers product. The LPLA expressly states that it establishes the exclusive theories of liability for claims against a manufacturer for damages caused by its product. La. R.S. § 9:2800.52. Moreover, Plaintiffs have not raised any arguments in opposition to this aspect of Defendant's motion to dismiss.  The motion to dismiss is GRANTED as to any claims based on non-LPLA theories of liability.

### c.    Punitive Damages

Defendant moves to dismiss Plaintiffs' claim for punitive damages arguing that the LPLA does not authorize this type of recovery. In their opposition Plaintiffs concede that punitive damages are not available under Louisiana law. (Rec. Doc. 7 at 8). The motion to dismiss is GRANTED as to the claim for punitive damages.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss (Rec. Doc. 6)** filed by defendant Bayer Healthcare Pharmaceuticals, Inc. is **GRANTED IN PART AND DENIED IN PART** as explained above.

September 23, 2013

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE